**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: | ) In Proceedings Under Chapter 11 |
| | ) |
| GOLF 255, INC., | ) Case No. 06-31728 |
| | ) |
| Debtor. | ) |

## **OPINION**

On November 30, 2009, after notice, the Court considered the Motions for Rule 2004 Examination filed by Interested Party Jay Dunlap and Interested Party Nicholas C. Jakich; the Objection to the Motions filed by Creditor The Bank of Edwardsville; the Motion to Strike filed by Jay Dunlap and Nicholas C. Jakich; the Motion to Quash filed by Interested Party David Shields; and the Response filed by Robert E. Eggmann, Liquidating Trustee, ("Trustee"). Present at the hearing were the Trustee, in person and by counsel, Charles W. Riske; Bill T. Walker, attorney for Marsha Hoffmeister; Laura Grandy, attorney for the Petitioning Creditors; Steve Wallace, attorney for The Bank of Edwardsville; and Steve Stanton, attorney for Jay Dunlap and Nicholas C. Jakich.

Upon consideration of the pleadings, the arguments of counsel, and the record as a whole, and the Court having taken judicial notice of its file, makes the following findings of fact and conclusions of law.

Almost every step taken in the administration of this estate has been met with opposition. An involuntary Chapter 11 petition was filed on October 12, 2006, Doc. 1. An objection to the involuntary petition was filed on November 6, 2006, Doc. 10. An amended objection was filed on January 4, 2007, Doc. 24.

On January 8, 2007, a hearing was conducted before this Court and Jay Dunlap ("Dunlap") testified in support of opposition to the involuntary petition. This Court's minutes, Doc. 31, entered on January 9, 2007 reveal that the Court found for the petitioning creditors. An order granting the involuntary petition was entered on January 22, 2007, Doc. 56.

On January 18, 2007, a motion to stay the order of relief was filed, Doc. 47, and

that motion was denied on February 6, 2007, Doc. 93.

On January 18, 2007, the Debtor filed a notice of appeal of the order granting relief and granting the filing of the voluntary petition, Doc. 45. On January 19, 2007, the Trustee filed a motion to sell substantially all of the Debtor's assets. On February 6, 2007, Dunlap objected to the sale, Doc. 95.

On February 21, 2007, after a contested hearing and testimony, the objections to the sale were overruled. On February 23, 2007, this Court entered its order overruling the objections and granting the motion to sell, Doc. 127. The notice of appeal of the order granting the motion to sell was filed on February 23, 2007, Doc. 129. A motion to stay the sale was filed on February 28, 2007, Doc. 132, and denied on March 1, 2007, Doc. 133. On March 2, 2007, a notice of appeal was filed, Doc. 134.

Thereafter, although motions and efforts to stop the sale were denied by this Court and the District Court, someone attempted to record a deed purportedly signed by Mr. Nick Jakich ("Jakich") with the Recorder of Deeds. This document attempted to remove the golf course property from the name of the Debtor. The Trustee was thereby forced to, and obtained, a preliminary injunction on March 15, 2007, which was subsequently made a final injunction.

The sale closed and the appeal of the order granting the sale was dismissed by the District Court by order of the Honorable David R. Herndon on June 20, 2007, Doc. 222.

On July 30, 2007, motions were filed to remove the Trustee, Doc. 247, and to dismiss the involuntary bankruptcy, Doc. 248. Both of these motions were denied by order of this Court, Doc. 260. On May 16, 2008, this Court entered its order granting the Trustee's motion to settle claims, settle a pending adversary proceeding to determine shareholders, and to amend the confirmed plan.

This order was entered after mediation, which was attended by all relevant parties, including Mr. Jakich, Mr. Dunlap and Range Holdings I, LLC. The mediation was before the Honorable Judge Schermer from the United States Bankruptcy Court for the Eastern District of Missouri.

Among other things, as a result of the mediation and the order approving the settlement, Mike Kielty was allowed an unsecured, non-priority claim for $75,000.00 and Marsha Hoffmeister was awarded an unsecured non-priority claim for $600,000.00.

2

Jakich did not object to the motion to approve the settlement. Dunlap did object and the order indicates that this Court heard and carefully considered Dunlap's offers of proof and arguments and found his arguments to be unpersuasive, and the re-argument of matters previously argued and litigated not credible, especially in light of other offers of proof made at the hearings by the Trustee and endorsed by the other attorneys attending the mediation and the hearing. Lastly, the Court found his objections to be irrelevant to the issues before it.

This Court also found that the resolution of the claim objections saved the estate substantial attorney's fees in litigating the claim objections and in either prosecuting or defending any appeals. Moreover, this Court specifically found that in bringing and prosecuting the motion, the Trustee at all times acted in good faith and negotiated a resolution of the matter at arms length and exercised sound and prudent business judgment in bringing and prosecuting the motion.

On July 30, 2008, Dunlap caused to be filed a second motion for removal of Trustee, Doc. 543, and a second motion to dismiss the involuntary bankruptcy, Doc. 544. On September 8, 2008, this Court entered its order denying the motion to remove the Trustee and denying the motion to dismiss the involuntary bankruptcy.

During the course of this bankruptcy, which includes many contested hearings, a 341 meeting of creditors, informal conversations and interviews with witnesses and during the mediation, the Trustee has had the opportunity to observe the parties, their demeanor and assess their credibility as witnesses. Based upon the Trustee's opinion of the credibility of potential witnesses; the events which have transpired in this case; the findings and orders which have been made and entered in this case; and also based upon the costs, the likelihood of success and the law, the Trustee has exercised his business judgment and declined to initiate the motion for 2004 examination which appear to be designed to discover alleged fraud upon this Court. This Court finds that the Trustee is exercising reasonable business judgment.

The Trustee indicated that he was giving due consideration to Rule 60(b) of the Federal Rules of Civil Procedure. This Rule is made applicable to bankruptcy cases under Bankruptcy Rule 9024. Movants requested that the Trustee take action to investigate certain matters on August 10, 2009. The Trustee has indicated that he is

unaware of any substantive orders entered in this bankruptcy proceeding which would be relevant to pursuing the issues raised by Movants, rendered after August 10, 2008. Accordingly, the Trustee correctly concluded that all parties are bound by all of the substantive orders entered in this proceeding and that no relief under Rule 60 would be allowed for (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); and fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. Moreover, the Trustee correctly concluded that all of the substantive orders entered in this case are binding on all parties and constitute the "law of the case." The only exception would be to attempt to set aside one of the substantive orders by proving "fraud on the court."

Not all fraud is fraud upon the court. The type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3) for fraud on an adverse party. *Gleason v. Jandrucko,* 860 F.2d 556, 558 (2d Cir.1988). Fraud upon the court should embrace "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1325 (2d Cir.1995) (quoting *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972)).

The Court is unaware of any fraud allegedly perpetrated by any officers of the Court. This Court accepted the Trustee's argument, at the last contested hearing, that Don Samson and Laura Grandy filed fee applications, after notice to all creditors and parties in interest and their fees were allowed, without objection. Similarly, the Trustee and his professionals have filed fee applications, after notice to all creditors and parties in interest and the fees were allowed, without objection. Accordingly, all of these fee applications, with detailed descriptions of time and work performed have been approved by the Court and determined to be fair and reasonable and a benefit to the estate. These are final orders and these facts also support the Trustee's decision to not pursue the issues, which have been raised by Movants.

The Second Circuit Court of Appeals has narrowly defined fraud on the court which warrants the setting aside of a judgment as "that species of fraud which does or attempts to defile the court itself ... so that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Martina Theatre Corp. v. Schine Chain Theatres, Inc.,* 278 F.2d 798, 801 (2d Cir.1960) (quoting 7 Moore, Federal Practice, ¶ 60.33 at 512 (2d ed.)). *See Kupferman v. Consolidated Research & Mfg. Co.,* 459 F.2d 1072, 1078-1079 (2d Cir.1972); *Kenner v. Commissioner of Internal Revenue,* 387 F.2d 689, 691 (7th Cir.1968); *Lockwood v. Bowles,* 46 F.R.D. 625, 631 (D.D.C.1969).

The Trustee indicated that he was not aware of any facts, and this Court finds that there are no facts, which indicate that any of the judges who have participated in this case have had anything interfere with their ability to impartially rule on the issues and enter the substantive orders. These substantive orders were entered after notice and the opportunity for hearing and in many cases, an actual hearing, on the record, with sworn testimony and the opportunity of the Court to hear the evidence and judge the credibility of witnesses. The substantive orders include: a) granting the involuntary petition; b) approving the sale of the assets; c) entering preliminary and final injunctions prohibiting the post-petition transfer of the Debtor's golf course contrary to sale orders approved by the Bankruptcy and District Court; d) confirming the first amended liquidating plan; and e) approving a settlement agreement which resulted from mediation. The Court finds that all parities are bound by the orders and the findings contained in the orders entered in this proceeding. The Motions for 2004 examinations are aimed at attempting to re-argue and re-litigate issues, which have previously been presented, litigated and decided after notice, hearing and the opportunity to be heard.

Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *Root Refin. Co. v. Universal Oil Products,* 169 F.2d 514 (3d Cir.1948); 7 Moore, Federal Practice, ¶60.33 at 510-11.

In considering the record of this case, which has been pending in this Court since late 2006, the Court is unaware of any facts rising to the level of bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated. The Trustee exercised sound and reasonable business judgment in concluding that a) there were insufficient facts which make it likely that the Trustee would be successful in proving that there has been a fraud on the Court; and b) the costs of pursuing a claim that there has been a fraud upon the Court may likely outweigh the benefits to be realized by the bankruptcy estate.

The Court also finds that one of the Movants, Jakich, has apparently released Mike Kielty in connection with the settlement approved by this Court, after mediation. Accordingly, this release presents yet another reason that supports the Trustee's decision.

**IT IS HEREBY ORDERED** that the Motions for Examination filed by Jay Dunlap and Nicholas C. Jakich, be and they are hereby denied. The Objection filed by Creditor, The Bank of Edwardsville, be and it hereby is sustained. The Motion to Strike filed by Jay Dunlap and Nicholas C. Jakich is denied as moot. The Motion to Quash filed by David Shields is granted and the Motion to withdraw a duplicative Motion to Quash filed by David Shields is granted.

Counsel for the Trustee shall serve a copy of this Order by mail to all interested parties who were not served electronically.

ENTERED: December 17, 2009

/s/ Gerald Fines
_____
UNITED STATES BANKRUPTCY JUDGE